UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br> v. <br> INSPIRADA COMMUNITY ASSOCIATION; SATICOY BAY, LLC SERIES 2080 ARTISTIC FLAIR WALK, <br><br> Defendants. | Case No. 2:16-cv-00438-MMD-PAL <br><br> ORDER |
| SATICOY BAY, LLC SERIES 2080 ARTISTIC FLAIR WALK, <br><br> Counterclaimant, <br> v. <br> BANK OF AMERICA, N.A., <br><br> Counter-Defendant. | |

**I.  SUMMARY**

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 2080 Artistic Flair Walk, Henderson, NV, 89044 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF No. 1 at 2.) Two motions—essentially cross-motions—are currently pending before the Court: (1) Plaintiff/Counter-defendant, Bank of America, N.A. ("BANA") seeks partial summary judgment on its quiet title/declaratory judgment claim and on Defendant/Counterclaimant Saticoy Bay LLC Series 2080 Artistic Flair Walk's ("Saticoy") counterclaims for the same relief; and (2) Saticoy requests that the Court grant summary judgment on its counterclaims. (ECF Nos. 84, 85; ECF No. 1 at 6; ECF No. 9 at 5–6.) Because the Court agrees with BANA that it properly tendered the

///

///

superpriority amount, the Court grants BANA's motion for partial summary judgment and denies Saticoy's motion for summary judgment.[1]

**II.     BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Teresa Cruz financed the purchase of the Property in 2010 with a $172,189.00 loan ("Loan") from KBA Mortgage, LLC. (ECF No. 84-1.) The Loan was secured by a deed of trust ("DOT") against the Property. (*Id.*) The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 3.) An assignment of the DOT to BANA was recorded in September 2012. (ECF No. 84-2.)

Cruz filed for bankruptcy in December 2011, which remained open until February 22, 2013. (ECF Nos. 84-3, 84-4.)

Defendant Inspirada Community Association ("HOA"), through its trustee Leah Johnson Song & Gruchow ("LJS&G"), recorded a notice of delinquent lien assessment against the Property in December 2012. (ECF No. 84-5.) This notice provided that assessments were "$285.00 per quarter," and that Cruz owed a total amount of $1,325.27 as of November 27, 2012. (*Id.* at 2.)

The HOA recorded a notice of default and election to sell in January 2013, which noted that Cruz then owed $2,388.83. (ECF No. 84-6 at 2.) This noticed provided no superpriority amount. (*See generally* ECF No. 84-6.)

In February and March 2013, BANA sent LJS&G letters requesting that LJS&G identify the superiority amount of the HOA's lien. (ECF No. 84-8 at 3, 6–10.) In response, LJS&G refused to identify the superpriority amount absent authorization from the homeowner, and instead provided the total amount due for the entire HOA lien. (ECF No. 84-8 at 3, 12–15.) The document LJS&G provided identified a quarterly assessments amount of $285. (*Id.* at 13, 15.) Based on the $285 quarterly assessments amount, BANA

///

///

---

[1] In addition to the motions, the Court has considered the respective responses (ECF Nos. 87, 90, 94) and replies (ECF Nos. 91, 93, 97).

calculated the nine-months of assessments to satisfy the superpriority amount as $855.00 and sent LJS&G a check for that amount in April 2013. (*Id.* at 3, 15, 18–19.)

An LJS&G employee, Rachel Stewart, signed a statement acknowledging receipt of the check on April 24, 2013. (*Id.* at 3, 21; *see also* ECF No. 84-9 at 8 (LJS&G deposition testimony admitting that a Rachel worked at LJS&G's reception desk).) It is uncontested that LJS&G rejected the check. (ECF No. 84-8 at 4 (citing ECF No. 84-8 at 23 (documenting "8/14/2013. EMF AKJ re: Closing . . . Payoff Rejected. 13-H0122. Cruz")); *cf id.* at 21 (noting tendered check as MBBW# 13-H0122); *see generally* ECF Nos. 85, 91, 94.)

LJS&G recorded a notice of the HOA Sale in August 2013 (ECF No. 84-7), and sold the Property to Saticoy in October 2014, for $109,600. (ECF No. 84-11 at 3.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

3

1 and "must do more than simply show that there is some metaphysical doubt as to the
2 material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
3 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
4 existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
5 *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in
6 the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach &
7 Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

Saticoy and the HOA make numerous arguments in opposition to BANA's motion for partial summary judgment. (ECF Nos. 90, 94.) Saticoy additionally argues in support of its own motion for summary judgment. (ECF Nos. 85, 91.) The Court only addresses the parties' arguments regarding tender as the Court finds the issue dispositive in this case.

BANA argues that it is entitled to summary judgment because it tendered the correct amount to satisfy the superpriority lien. (ECF No. 84 at 2, 5–8; ECF No. 93 (reply regarding Saticoy's opposition) at 2–6; ECF No. 97 (reply regarding the HOA's opposition) at 5.)[2] The Court agrees. Each of Saticoy's arguments on the issue[3]—that "good faith rejection" by the HOA of BANA's offered payment of the superiority amount rendered the offer ineffective; that BANA's offer of payment was conditional; that the tender needed to be recorded; and that BANA needed to keep its tender good—have all been rejected by the Nevada Supreme Court (ECF No. 85 at 20–28; ECF No. 91 at 2–12). *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118–121 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018); *see also Bank of Am., N.A. v. Thomas Jessup, LLC Series*

///

---

[2]The HOA filed its response later the same day BANA filed its reply to Saticoy's opposition—per stipulation the HOA's response was submitted well after the initial deadline for filing response. (*Compare* ECF No. 83 *with* ECF No. 93; *see also* ECF Nos. 84, 96.)

[3]The HOA does not specifically respond to BANA's argument that BANA's tender preserved the DOT. (*See generally* ECF No. 94.)

4

*VII ("Jessup")*, No. 73785, 2019 WL 1087513, at *4 (Nev. Mar. 7, 2019) (even where a check is not sent to the HOA, an offer to pay a not-yet-determined superpriority amount plus a rejection of the offer preserves the first deed of trust).

In fact, Saticoy appears to acknowledge the dispositive effect of *Bank of Am., N.A.*, but contends the decision is wrong. (ECF No. 85 at 20–28; ECF No. 91 at 2–12.) However, this Court is bound by the Nevada Supreme Court's interpretation of Nevada law. *See Kwan v. San Medica Int'l*, 854 F.3d 1086, 1093 (9th Cir. 2017) (explaining that federal courts must ascertain what the state law is and apply it for the vindication of state rights); *Forrester v. S. Pac. Co.*, 134 P. 753, 759 (Nev. 1913) (highlighting that the construction placed on a statute by the highest court of a state controls in federal court, so long as such construction does not violate federal laws, even where "the federal court may believe the opinion of the state court is improper").

Accordingly, the Court finds that BANA is entitled to summary judgment on its quiet title/declaratory judgment claim and Saticoy's counterclaim for the same. The Court declares that the HOA Sale did not extinguish BANA's DOT. The Court therefore denies Saticoy's motion for summary judgment and grants BANA's motion.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for partial summary judgment on its quiet title/declaratory judgment claim and Defendant Saticoy's counterclaim for the same (ECF No. 84) is granted. The Court declares that the HOA Sale did not extinguish the DOT and the DOT thus continues to encumber the Property. In light of the Court's ruling in favor of BANA that the HOA Sale did not extinguish the DOT, BANA's remaining claims (*see* ECF No. 1) are dismissed as moot.

///

It is further ordered that Saticoy's motion for summary judgment (ECF No. 85) is denied.

It is further ordered that the Clerk of Court enter judgment in BANA's favor in accordance with this order and close the case.

DATED THIS 12th day of March 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE